No. 24-5393

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA, *ex rel.* VIB PARTNERS;
LEANN MARSHALL,

Relators - Appellants, v.

LHC GROUP, INC.,

Defendant-Appellee.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR EASTERN DISTRICT OF TENNESSEE

## BRIEF OF VIB PARTNERS AND LEANN MARSHALL,
## RELATORS/APPELLANTS

Jennifer M. Verkamp
Jonathan M. Lischak
Morgan Verkamp LLC
4410 Carver Woods Dr., Suite 200
Cincinnati, Ohio 45242
Tel: 513-651-4400
jverkamp@morganverkamp.com
jlischak@morganverkamp.com

*Counsel for Relators-Appellants*

## DISCLOSURE OF CORPORATE
## AFFILIATIONS AND FINANCIAL INTEREST

Pursuant to Federal Rule of Appellate Procedure 26.1, Appellants make the following disclosures:

1. Is said party a subsidiary or affiliate of a publicly-owned company.

No.

If the answer is YES, list below the identity of the parent corporation or affiliate and the relationship between it and the maned party.

Not applicable.

2.     Is there a publicly-owned corporation, not a party to the appeal, that has a financial interest in the outcome?

No.

If the answer is YES, list below the identity of such corporation and the nature of the financial interest.

Not applicable.

*/s/ Jennifer M. Verkamp*
 Jennifer M. Verkamp (0067198)

***Counsel for Relators-Appellants***

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................. iii

STATEMENT IN SUPPORT OF ORAL ARGUMENT ...................................... vii

STATEMENT OF JURISDICTION.............................................................1

STATEMENT OF THE ISSUES.................................................................1

STATEMENT OF THE CASE...................................................................2

  A.  Procedural History.......................................................................2

  B.  Factual Summary.........................................................................5

SUMMARY OF ARGUMENT .................................................................6

ARGUMENT ...................................................................................10

  A.  Standard of Review. ...................................................................10

    1.  The Court's Review is De-Novo. ................................................10

    2.  First-to-File Rule is Not Jurisdictional and Should Not Be Applied to Forever Bar Adjudication of Complex Fraud Schemes Employed by Nationwide Defendants. ...................................................................10

  B.  *Marshall I* Does Not Bar Relators' Complaint Under the FCA's First-to-File Rule .......................................................................13

    1.  The FCA Claims Brought in *Marshall I* Were Not Pending When the Instant Action was Filed. ...............................................................13

    2.  *Marshall I* Could Not Qualify as a Pending Action Because the District Court Found it Legally Infirm. .......................................................18

    3.  The District Court Should Have Granted Relators Leave to File an Amended Complaint to Cure A Purported First-to-File Deficiency.................19

CONCLUSION .................................................................................24

# TABLE OF AUTHORITIES

**Cases**

*Avco Corp. v. United States Dep't of Justice*,
884 F.2d 621 (D.C. Cir. 1989) ................................................................6

*Bailey v. Shell W. E&P, Inc.*,
609 F.3d 710 (5th Cir. 2010) ....................................................... 21, 22

*Cho v. Surgery Partners, Inc.*,
30 F.4th 1035 (11th Cir. 2022) ...........................................................20

*Fort Bend Cty. v. Davis*,
139 S.Ct. 1843 (2019) .........................................................................12

*Graham Cty. Soil & Water Conservation Dist. v. United States ex rel. Wilson*,
545 U.S. 409125 S. Ct. 2444 (2005) ...................................................17

*Kellogg Brown & Root Servs. v. United States ex rel. Carter*,
575 U.S. 650 (2015)............................................................ 7, 11, 13, 14

*Majestic Bldg. Maint., Inc. v. Huntington Bancshares, Inc.*,
864 F.3d 455 (6th Cir. 2017) ...............................................................10

*McBratnie v. Rettig*, No. 22-1915,
2023 U.S. App. LEXIS 21222 (6th Cir. Aug. 14, 2023) .....................10

*Reeves v. Campbell*,
708 Fed. Appx. 230 (6th Cir. 2017).....................................................15

*Rockwell Int'l Corp. v. United States.*
549 U.S. 457 (2007)...................................................................... *passim*

*Seaton v. TripAdvisor LLC*,
728 F.3d 592 (6th Cir. 2013) ...............................................................10

*Sebelius v. Auburn Reg'l Med. Ctr.*,
568 U.S. 145 (2013).............................................................................12

*Stein v. Kaiser Found. Health Plan, Inc.*, No. 22-15862,
2024 U.S. App. LEXIS 645 (9th Cir. Jan. 10, 2024)...........................12

*United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.*,
    501 F.3d 493 (6th Cir. 2007) ...............................................................19

*United States ex rel. Boise v. Cephalon, Inc.*,
    159 F. Supp. 3d 550 (E.D. Pa. Feb. 2, 2016)......................................20

*United States ex rel. Bowling v. LHC Group, Inc.,*
    No. 6:14-cv-94 (E.D. Ky. Apr. 18, 2014)....................................... 4, 18

*United States ex rel. Branch Consultants v. Allstate Ins. Co.*,
    560 F.3d 371 (5th Cir. 2009) ...............................................................22

*United States ex rel. Brown v. Pfizer, Inc.*, No. 05-6795,
    2017 U.S. Dist. LEXIS 55656 (E.D. Pa. Apr. 12, 2017)....................20

*United States ex rel. Carter v. Halliburton Co.*,
    19 F. Supp. 3d 655 (E.D. Va. May 2, 2014)........................................15

United States ex rel. Charte v. Am. Tutor, Inc.,
    934 F.3d 346 (3d Cir. 2019) ................................................................23

*United States ex rel. Deering v. Physiotherapy Assocs.*,
    601 F. Supp. 2d 368 (D. Mass. 2009) .................................................17

*United States ex rel. Gadbois v. PharMerica Corp.*,
    809 F.3d 1 (1st Cir. 2015).....................................................................20

*United States ex rel. Hayes v. Allstate Ins. Co.*,
    853 F.3d 80  (2d Cir. 2017) .................................................................12

*United States ex rel. Howard v. Lockheed Martin Corp.*, No. 1:99-cv-285,
    2011 U.S. Dist. LEXIS 106203 (S.D. Ohio Sep. 16, 2011) ................11

*United States ex rel. Kathleen v. Cmty. Health Sys.*
    24 F.4th 1024 (6th Cir. 2022) ................................................... 9, 11, 24

*United States ex rel. Leann Marshall v. University of Tennessee Medical Center,
et. al*, No. 3:17-cv-00096, 2021 U.S. Dist. LEXIS 159167 (E.D. Tenn. Aug. 23,
2021) ......................................................................................... *passim*

*United States ex rel. Merena v. SmithKline Beecham Corp.*,
    205 F.3d 97 (3d Cir. 2000) ..................................................................16

*United States ex rel. Mitchell v. CIT Bank, N.A.*, No. 4:14-cv-00833,
2022 U.S. Dist. LEXIS 46796 (E.D. Tex. Mar. 16, 2022) ........................... 21, 22

*United States ex rel. Poteet v. Medtronic, Inc.*,
552 F.3d 503 (6th Cir. 2009) ....................................................... *passim*

*United States ex rel. Rigsby v. State Farm Fire & Cas. Co.*,
794 F.3d 457 (5th Cir. 2015) ...................................................................6

*United States ex rel. Shea v. Cellco P'ship*,
430 U.S. App. D.C. 353 F.3d 923 (2017)...........................................20

*United States ex rel. Sheldon v. Kettering Health Network*,
816 F.3d 399 (6th Cir. 2016) ...............................................................10

*United States ex rel. Springfield Terminal Ry. Co. v. Quinn*,
14 F.3d 645 (D.C. Cir. 1994) ...............................................................11

*United States ex rel. St. John LaCorte v. SmithKline Beecham Clinical Labs, Inc.*,
149 F.3d 227 (3d Cir. 1998) ................................................................11

*United States ex rel. Tillson v. Lockheed Martin Energy Sys.*, Nos. 5:00CV-39-M,
5:99CV-170-M, 2004 U.S. Dist. LEXIS 22246
(W.D. Ky. Sep. 29, 2004) ............................................................ 16, 17

*United States ex rel. Todd Heath v. AT&T, Inc.*,
791 F.3d 112 (D.C. Cir. 2015)..............................................................12

*United States ex rel. VIB Partners*, Case No. 3:19-cv-00084 (*qui tam* complaint
filed June 26, 2017).............................................................. 3, 13, 14

*United States ex rel. Wood v. Allergan, Inc.*,
899 F.3d 163 (2d Cir. 2018) ................................................................20

*United States v. Alpharma, Inc.*,
928 F. Supp. 2d (D. Md. 2013)............................................................20

*United States v. Millenium Labs., Inc.*,
923 F.3d 240 (1st Cir. 2019)........................................................ 12, 16

*United States v. PharMerica Corp*, No. 3:11-cv-01464-JFA,
2015 U.S. Dist. LEXIS 43378 (S.D. S.C. Apr. 2, 2015) .............................. 20, 21

*United States v. Sanofi-Aventis U.S. LLC (In re Plavix Mktg.),*
   974 F.3d 228 (3d Cir. 2020) ...................................................................12

*Walburn v. Lockheed Martin Corp.,*
   431 F.3d 966 (6th Cir. 2005) ..................................................... *passim*

**Statutes**

28 U.S.C. § 1291 ......................................................................................1

28 U.S.C. § 1331 ......................................................................................1

31 U.S.C. § 3729 ......................................................................................1

31 U.S.C. § 3730(b)(5)........................................................... 2, 15, 17, 21

31 U.S.C. § 3730(e) ...............................................................................22

31 U.S.C. § 3732(a) ..................................................................................1

31 U.S.C. § 3739(a) ...............................................................................20

31 U.S.C. §3720(b)(5)............................................................................12

**Other Authorities**

S. Rep. No. 99-345, 99th Cong., 2d Sess. 1, 2 (1986) ............................6

**Rules**

Fed. R. App. P. 4(a) .................................................................................1

Fed. R. Civ. P. 54(b) ................................................................................1

Fed. R. Civ. P. 9(b) ................................................................................19

Fed. R. Civ. P. 12(b)(6).................................................................. 12, 19

Fed. R. Civ. P. 15 ....................................................................................9

## STATEMENT IN SUPPORT OF ORAL ARGUMENT

The district court found that a legally infirm action sufficed to bar the instant matter under the first-to-file rule, holding that the Relators' *qui tam* claims under the False Claims Act in a prior action remained "pending" notwithstanding that they had been dismissed under the first-to-file bar, and the Government dismissed from the matter, prior to Relators' filing of their *qui tam* Complaint in this matter. The district court subsequently dismissed Relators' Complaint without granting Relators' request for leave to file an amended complaint. Because the record is procedurally complex, and the district court's decision presents a fundamental challenge to the *qui tam* provisions of the False Claims Act, Relators respectfully request oral argument.

## STATEMENT OF JURISDICTION

The district court exercised subject-matter jurisdiction of this case pursuant to 28 U.S.C. § 1331 and 31 U.S.C. § 3732(a), as the case was filed under the False Claims Act, 31 U.S.C. § 3729 et seq. (the "FCA"). On March 29, 2024, the district court granted the motion to dismiss Relators' *qui tam* claims without prejudice, without permitting Relators leave to file an amended complaint. On March 29, 2024, pursuant to Fed. R. Civ. P. 54(b), the district court directed entry of final judgment within the meaning of 28 U.S.C. § 1291 as to Relators' *qui tam* claims, as effected by its Judgment Order.

The judgment appealed from was entered on March 29, 2024. Pursuant to Fed. R. App. P. 4(a), Relators filed their timely notice of appeal on April 25, 2024. This appeal is from an order that directed entry of a final judgment pursuant to Fed. R. Civ. P. 54(b) which disposed of Relators' *qui tam* claims.

## STATEMENT OF THE ISSUES

A.      Whether claims on behalf of the United States and the State of Tennessee under the FCA remain "pending" for purposes of the first-to-file rule under 31 U.S.C. § 3730(b)(5), when they have been dismissed and the Government has been dismissed, but a separate personal retaliation claim for one of the relators moves ahead.

B.     Whether the instant claims under the FCA are barred by the first-to-file rule, when the prior action styled *United States ex rel. Leann Marshall v. University of Tennessee Medical Center, et. al*, No. 3:17-cv-00096, 2021 U.S. Dist. LEXIS 159167 (E.D. Tenn. Aug. 23, 2021) was held to be legally-infirm under the first-to-file rule prior to the time Relators filed their complaint in this matter.

C.     Whether, if Relators' FCA claims are barred by the first-to-file rule, the district court erred by not granting Relators leave to file an amended complaint in this matter to cure a non-jurisdictional defect.

## STATEMENT OF THE CASE

**A.     Procedural History.**

Relators Marshall, Estabrook, and VIB Partners filed this case under the False Claims Act ("FCA") in the United States District Court for the District of Maryland on August 30, 2021. [Complaint, R. 1, Page ID # 1]. On November 1, 2022, the District of Maryland transferred the case to the Eastern District of Tennessee. [Order, R. 28, Page ID # 587].[1] Defendant moved to dismiss Relators' complaint, in pertinent part, on the grounds that it was barred by the FCA's first-to-file rule. [Motion to

---

[1] Because of the transfer, counsel notes that there are duplicate Page ID numbers on the underlying docket. Beginning with the notice of transfer, at docket number 29, the United States District Court for the Eastern District of Tennessee assigned Page ID numbers, starting with "Page ID # 1". [Notice, R 29, Page ID # 1]. Upon transfer of the Maryland docket, the E.D. Tenn. also assigned Page ID numbers to those 28 items, also beginning with "Page ID # 1."

Dismiss, R. 48, Page ID # 32]. The district court granted the motion to dismiss on first-to-file grounds, holding that the complaint in this matter was barred by the purported pendency of the action styled *United States ex rel. Leann Marshall v. University of Tennessee Medical Center, et al.*, Case No. 3:17-cv-00096, which the district court referred to as *Marshall I*. [Order, R. 54, Page ID # 207].

*Marshall I* was a *qui tam* complaint filed in Eastern District of Tennessee on August 17, 2020 ([Order, R. 54, Page ID # 198]), on a docket which consolidated two *qui tam* matters unsealed on March 4, 2020. The original dockets were *United States ex rel. Leann Marshall v. University of Tennessee Medical Center, et al.*, Case No. 3:17-cv-00096 (*qui tam* complaint filed March 16, 2017) and *United States ex rel. VIB Partners*, Case No. 3:19-cv-00084 (*qui tam* complaint filed June 26, 2017).[2] VIB Partners is a Delaware partnership with two partners who were employed in managerial positions at LHC, and includes Mr. Estabrook, who had corporate level knowledge of LHC operations. [Complaint, R. 1, ¶¶ 14-15, 23-25, Page ID #4; 6-7]. Ms. Marshall and VIB Partners, including Mr. Estabrook, determined to jointly litigate their actions and moved to consolidate the two cases. [Order, R. 51-2, Page ID # 105]. The district court granted the motion, and designated Case No. 3:17-cv-

---

[2] The *VIB Partners* matter was originally filed in M.D. Tennessee and transferred to the E.D. Tennessee by the United States. [Case No. 3:17-cv-00978, Order, R. 27, Page ID # 142].

00096 as the lead case (*Marshall I*). [Order, R. 51-2, Page ID # 106]. Per that Order, Relators filed a Consolidated Amended Complaint in *Marshall I*.

On August 23, 2021, the FCA claims in *Marshall I* were dismissed as barred by the first-to-file rule, as being related to the FCA action styled *United States ex rel. Bowling v. LHC Group, Inc.,* No. 6:14-cv-94 (E.D. Ky. Apr. 18, 2014) ("*Bowling*").[3] [Order, R. 54, Page ID # 197 (citing *Marshall I*, 2021 U.S. Dist. LEXIS 159167, at *26-31)]. The *Bowling* matter was unsealed on September 20, 2017, and voluntarily dismissed in June 2018. [Order, R. 54, Page ID # 197]. The voluntary dismissal in *Bowling* was after the original *qui tam* complaints but before the Consolidated Amended Complaint in *Marshall I*.[4]

Relator Marshall's FCA retaliation claim remained pending. [Order, R. 54, Page ID # 198]. Relator Marshall's FCA retaliation claim was litigated and was

---

[3] *Bowling* was filed on December 16, 2014, and alleged that, between June 2009 through November 2013, a single facility and subsidiary of LHC (also a named defendant), trained its clinicians to admit and provide services to patients who were ineligible for home health services. Relators disputed that *Marshall I* was a related action to *Bowling*, but the district court did not agree. *Marshall I,* 2021 U.S. Dist. LEXIS 159167, at *26-31.

[4] On September 9, 2021, the *Marshall I* Relators filed a protective notice of appeal regarding the dismissal of their FCA claims. [Order, R. 54, Page ID # 199]. On October 20, 2021, the *Marshall I* Relators filed a motion to dismiss their appeal, which the Court of Appeals granted on October 21, 2021. [Order, R. 54, Page ID # 199]. Relators instead determined to pursue the instant re-filed False Claims Act action.

dismissed pursuant to a joint stipulation on June 23, 2023. [Order, R. 54, Page ID # 199].

## B. Factual Summary.

Relators' corporate-driven nationwide allegations against LHC have never been litigated on their merits in any forum. Relators allege that LHC "regularly falsifies and upcodes OASIS assessments to maximize reimbursement from Medicare and increase its profits, … fraudulently certify[ies] patients qualified for home healthcare under Medicare, and uses software to maximize profitability from patient visits." [Order, R. 54, Page ID #: 203] Relators also allege that LHC would employ computer overrides at a corporate level to effect *post hoc* changes to clinicians' OASIS assessments, in order to falsely increase government healthcare reimbursement. [Complaint, R. 1, Page ID # 22].[5]

Unlike the parasitic relators that the first-to-file rule was designed to discourage, Relators do not borrow from the knowledge of any prior filers. Rather, Relators are corporate insiders that have extensive personal knowledge of LHC's fraud. [Complaint, R. 1, ¶¶ 14-16, 23-25, Page ID #4-5; 6-7]. They have managed

---

[5] A more detailed description of the Complaint's factual allegations is included in the underlying record, particularly in conjunction with Defendant's other Rule 12(b)(6) challenges, but were not addressed by the Court's Order and are not relevant to the issues on appeal. [*E.g.,* Relators' Memorandum in Opposition to Motion to Dismiss, R. 51, PageID #: 80-83 (factual summary), 89 (new material details in Relators' Complaint), 94-97 (Rule 9(b))].

multiple LHC locations over time and in different geographies, have regularly reviewed LHC's financial and audit data, including, *inter alia*, retrospective reports regarding OASIS scoring of Medicare patients and claims submitted, and have personal knowledge of LHC's implementation of the relevant policies and practices alleged in the Complaint. *Id.* Because these claims on behalf of the United States have never been adjudicated or otherwise resolved, Relators have consistently attempted to cure any procedural hurdles and address this fraud against the Government.

## SUMMARY OF ARGUMENT

The False Claims Act is the "primary litigative tool for the recovery of losses sustained as the result of fraud against the government." *Avco Corp. v. United States Dep't of Justice*, 884 F.2d 621, 622 (D.C. Cir. 1989) *citing* S. Rep. No. 99-345, 99th Cong., 2d Sess. 1, 2 (1986). The Government recovered over $2.6 billion under the Act in fiscal year 2023 alone, $2.3 billion of which resulted from relator-filed *qui tam* suits.[6] The Act "is remedial in nature and thus [courts] construe its provisions broadly to effectuate its purpose." *United States ex rel. Rigsby v. State Farm Fire & Cas. Co.*, 794 F.3d 457, 468 (5th Cir. 2015).

---

[6] U.S. Dep't of Justice, Press Release, False Claims Act Settlements and Judgments Exceed $2.68 Billion in Fiscal Year 2023, https://www.justice.gov/opa/pr/false-claims-act-settlements-and-judgments-exceed-268-billion-fiscal-year-2023.

In evaluating the first-to-file provision in the statute, the Supreme Court aptly explained: "The False Claims Act's *qui tam* provisions present many interpretive challenges, and it is beyond our ability in this case to make them operate together smoothly like a finely tuned machine." *Kellogg Brown & Root Servs. v. United States ex rel. Carter*, 575 U.S. 650, 664 (2015). But by holding "that a *qui tam* suit under the FCA ceases to be 'pending' once it is dismissed" (*id.*), the Supreme Court struck a balance between discouraging opportunistic plaintiffs and effectuating the Act's broad, remedial purpose to recover defrauded funds by encouraging whistleblowers to come forward.[7] This Court has also worked to effectuate that balance, holding that "in order to preclude a later-filed *qui tam* action[], the allegedly first-filed *qui tam* complaint must not itself be jurisdictionally or otherwise barred.*"* *United States ex rel. Poteet v. Medtronic, Inc.*, 552 F.3d 503, 516 (6th Cir. 2009). This approach ensures that the "true whistleblower" (*id.* at 516) may move forward to recover under the False Claims Act.

---

[7] *Walburn v. Lockheed Martin Corp.*, 431 F.3d 966, 970 (6th Cir. 2005) ("The history of the False Claims Act's *qui tam* provisions demonstrates repeated attempts by Congress to balance two competing policies…. On the one hand, the *qui tam* provisions seek to encourage 'whistleblowers to act as private attorneys-general' in bringing suits for the common good. On the other, the provisions seek to discourage opportunistic plaintiffs from bringing parasitic lawsuits whereby would-be relators merely feed off a previous disclosure of fraud." (internal citations omitted)).

Relators are just this kind of whistleblower, who bring claims that have never been adjudicated on behalf of the taxpayer. Though the district court dismissed Relators' Complaint under the first-to-file rule, Relators ask that the Court reverse that order on three grounds.

First, the district court incorrectly held that *Marshall I* was pending when Relators filed their Complaint in this matter. The FCA claims in *Marshall I* were dismissed at the time of filing of this matter and only one relator's personal retaliation claims remained. By holding that Relators had to wait until after litigation of those claims, and expiration of the time frame to appeal, Relators have a Sophie's choice — force one relator to abandon her distinct claims, or wait to re-file a new FCA claim while the statute of limitations potentially expires. This result runs contrary to the purposes of the statute, as recognized by the Supreme Court in *Carter*. 575 U.S. at 663 ("Why would Congress want the abandonment of an earlier suit to bar a later potentially successful suit that might result in a large recovery for the Government?"). Moreover, it ignores that claim-by-claim analysis is utilized to employ the bars under the statute. *Cf. Rockwell Int'l Corp. v. United States.* 549 U.S. 457 (2007) (claim-by-claim analysis to assess application of public disclosure bar).

Second, the prior pending action identified by the district court had already been held to itself be barred under the first-to-file rule. This Court has squarely held that the first-to-file rule does not apply when the allegedly first-filed *qui tam*

8

complaint is "jurisdictionally or otherwise barred." *Poteet,* 552 F.3d at 516. Because *Marshall I* was held to be barred prior to the filing of Relators' Complaint, it cannot bar the instant action.

Third, the district court dismissed Relators' Complaint and did not address or grant Relators' request to file an amendment under Rule 15, Fed. R. Civ. P, to cure any deficiencies. In so doing, the district court incorrectly held that the first-to-file rule was jurisdictional. But as this Court has held in *United States ex rel. Kathleen v. Cmty. Health Sys.*, the first-to-file rule is not jurisdictional and is governed by Rule 12(b)(6). 24 F.4th 1024, 1036 (6th Cir. 2022). Allowing Relators to cure any purported first-to-file deficiency by filing an amended complaint would be consistent with the aims of the first-to-file rule. Conversely, requiring only re-filing to cure such a deficiency puts Relators in an endless cycle of potentially re-starting statutes of limitations, and being second-filed to yet other actions that may be under seal. Relators seek permission to amend the Complaint to cure any deficiency created by the timing of dismissal of an allegedly first-filed action, particularly in the scenario where the "true whistleblower" seeks first-time (and not parasitic) adjudication of the alleged claims.

Relators respectfully request that the district court's decision be reversed in all respects.

## ARGUMENT

**A.   Standard of Review.**

**1.   The Court's Review is De-Novo.**

The Court's review of the district court's Orders is *de novo*. *Majestic Bldg. Maint., Inc. v. Huntington Bancshares, Inc.*, 864 F.3d 455, 458 (6th Cir. 2017) ("[w]e review *de novo* the district court's dismissal of Plaintiff's complaint for failure to state a claim"); *McBratnie v. Rettig*, No. 22-1915, 2023 U.S. App. LEXIS 21222, at *3-4 (6th Cir. Aug. 14, 2023) ("We review de novo a district court's decision to dismiss a complaint for lack of subject-matter jurisdiction under Rule 12(b)(1) or for failure to state a claim under Rule 12(b)(6)."); *Seaton v. TripAdvisor LLC*, 728 F.3d 592, 596 (6th Cir. 2013) (where leave to amend denied because trial court found that proposed amended complaint would not withstand Rule 12(b)(6) motion, review is *de novo*); *United States ex rel. Sheldon v. Kettering Health Network*, 816 F.3d 399, 407 (6th Cir. 2016) (*de novo* review of denial of motion to amend).

**2.   First-to-File Rule is Not Jurisdictional and Should Not Be Applied to Forever Bar Adjudication of Complex Fraud Schemes Employed by Nationwide Defendants.**

The first-to-file provision provides that "[w]hen a person brings an action under [the FCA], no person other than the Government may intervene or bring a related action based on the facts underlying the pending action." 31 U.S.C.

§3720(b)(5). The purpose of this provision is to discourage parasitic lawsuits. *United States ex rel. Howard v. Lockheed Martin Corp.*, No. 1:99-cv-285, 2011 U.S. Dist. LEXIS 106203, at *6 (S.D. Ohio Sep. 16, 2011) (*citing Poteet* 552 F.3d at 516 (6th Cir. 2009)); *accord United States ex rel. St. John LaCorte v. SmithKline Beecham Clinical Labs, Inc.*, 149 F.3d 227, 234 (3d Cir. 1998). Congress sought to strike a balance between encouraging whistleblowers to come forward with allegations of fraud and discouraging opportunistic plaintiffs from feeding off of those cases. *Walburn*, 431 F.3d at 970. Importantly, the rule serves to discourage "opportunistic plaintiffs who have no significant information to contribute of their own" while still encouraging those "insiders with genuinely valuable information." *United States ex rel. Springfield Terminal Ry. Co. v. Quinn*, 14 F.3d 645, 649 (D.C. Cir. 1994).

"[A] *qui tam* suit under the FCA ceases to be 'pending' once it is dismissed." *Carter*, 575 U.S. at 664. Neither is it "pending" if it is legally infirm. *Poteet,* 552 F.3d at 516. This is consistent with the purpose of the first-to file provision because "[w]hy would Congress want the abandonment of an earlier suit to bar a later potentially successful suit that might result in a large recovery for the Government?" *Carter*, 575 U.S. at 663. To hold that the first-to-file rule is a forever bar would "lead to strange results that Congress is unlikely to have wanted." *Id.*

Moreover, "the first-to-file rule is not a jurisdictional limitation." *Cmty. Health Sys.*, 24 F.4th at 1036 ("The Supreme Court's bright-line test distinguishing

jurisdictional and claims-processing rules, moreover, confirms that the first-to-file rule is not jurisdictional"); *see also United States v. Sanofi-Aventis U.S. LLC (In re Plavix Mktg.),* 974 F.3d 228, 231-33 (3d Cir. 2020).[8] As the Supreme Court determined in *Sebelius v. Auburn Reg'l Med. Ctr.*, 568 U.S. 145, 153 (2013), and *Fort Bend Cty. v. Davis*, 139 S.Ct. 1843 (2019), a rule should be treated as non-jurisdictional unless Congress clearly states otherwise. Because the first-to-file rule is not a jurisdictional bar, a motion to dismiss on such grounds falls under Rule 12(b)(6). *Plavix*, 974 F.3d at 233. This analysis should be claim-by-claim. *Rockwell,* 549 U.S. 457.

Here, the district court incorrectly held that the first-to-file bar is jurisdictional, and viewed LHC's motion as a challenge not just through Rule 12(b)(6), Fed. R. Civ. P., but also Rule 12(b)(1). [Order, R. 54, at Page ID #: 200 – 201]. Such a distinction matters because it determines which party bears the burden of persuasion and what can be considered in deciding the motion. *Id*. at 231-232. Relators seek review of this non-jurisdictional provision of the FCA under this

---

[8] Other circuits have similarly found the first-to-file rule non-jurisdictional. *United States v. Millenium Labs., Inc.*, 923 F.3d 240, 249 (1st Cir. 2019); *United States ex rel. Hayes v. Allstate Ins. Co.*, 853 F.3d 80, 85-86 (2d Cir. 2017); *United States ex rel. Todd Heath v. AT&T, Inc.*, 791 F.3d 112, 120-121 (D.C. Cir. 2015); *cf. Stein v. Kaiser Found. Health Plan, Inc.,* No. 22-15862, 2024 U.S. App. LEXIS 645, at *2 (9th Cir. Jan. 10, 2024) (pending *en banc* review).

Court's precedent in *Cmty. Health Sys.* and *Poteet*, and the Supreme Court's dictates in *Carter* and *Rockwell.*

## B.    *Marshall I* Does Not Bar Relators' Complaint Under the FCA's First-to-File Rule.

### 1.    The FCA Claims Brought in *Marshall I* Were Not Pending When the Instant Action was Filed.

For the first-to-file rule to apply, claims from an earlier-filed case must be pending at the time subsequent claims are filed. 31 U.S.C. § 3730(b)(5). In other words, the first-to-file rule only affects a later-filed *qui tam* action if there is a "pending" action alleging the same underlying facts. *Id*. The Supreme Court defines "pending" under this provision as "[r]emaining undecided; awaiting decision." *Kellogg Brown*, 575 U.S. at 662 (2015) (*citing* Black's 1314 (10th ed. 2014) and Webster's Third 1669 (1976)). As the Court explained,

> "[i]f the reference to a 'pending' action in the FCA is interpreted in this way, an earlier suit bars a later suit while the earlier suit remains undecided but ceases to bar that suit once it is dismissed. We see no reason not to interpret the term 'pending' in the FCA in accordance with its ordinary meaning."

*Id*. at 662.

Here, the district court unequivocally dismissed all FCA claims brought on behalf of the United States, the State of Tennessee, and Relators, on both the *Marshall* and *VIB Partners* dockets. [Aug. 23, 2021 Order, Case Nos. 3:17-CV-96, 3:19-CV-84, Page ID #: 505-506]. The only remaining claim in *Marshall I* at that

time was Relator Marshall's retaliation claim, which she brought individually. The State of Tennessee and the United States were dismissed and the clerk was directed to modify the caption accordingly. [Aug. 23, 2021 Order, Case 3:17-cv-00096, R. Page ID #: 506; Sept. 1, 2021 Order, R. 55, Page ID #: 508]. Relator VIB Partners was dismissed from *Marshall I* "because it has no claims remaining." [Order, Case Nos. 3:17-CV-96, 3:19-CV-84, Page ID #: 506]. A judgment order was then issued in the *VIB Partners* action under Case No. 3:19-CV-84, and that case was dismissed and closed on August 25, 2021. [Aug. 25, 2021 Judgment Order, Case 3:19-cv-00084, R.52, Page ID #: 213].

As of August 23, 2021, no FCA claim on behalf of the United States or any state was pending. At that time, there was no ability of any Relator to pursue an FCA claim on either docket. Instead of continuing to pursue an appeal, Relators appropriately chose to re-file an FCA action.[9] Because the FCA claims were no longer pending, Relator's re-filed action is proper under 31 U.S.C. § 3730(b)(5). *Kellogg Brown,* 575 U.S. at 662 (2015).

The district court determined to the contrary, that a matter remains pending until all appeals had been processed after final resolution of the remaining retaliation

---

[9] The district court acknowledged that Relators had filed and then withdrew a notice of appeal, but ultimately based its ruling on the conclusion that the action was not dismissed until all claims were adjudicated under Rule 54(b). [Order, R. 54, Page ID # 205].

claim. [Order, R. 54, Page ID #: 206 – 207].[10] This is incorrect. As the Supreme Court concluded, "pending" under the first-to-file rule means "[r]emaining undecided; awaiting decision." *Carter*, 575 U.S. at 662 (*citing* Black's 1314 (10th ed. 2014) and Webster's Third 1669 (1976)). The Court explained: "[i]f the reference to a 'pending' action in the FCA is interpreted in this way, an earlier suit bars a later suit while the earlier suit remains undecided but ceases to bar that suit once it is dismissed. We see no reason not to interpret the term 'pending' in the FCA in accordance with its ordinary meaning." *Id.* at 662.

The district court's ruling creates a perverse result for the purposes of first-to-file. The court's order concludes that the FCA claim was pending until the individual retaliation claim was litigated, resolved, and the appeal time frame had passed. Because statutes of limitations may be passing, and extinguishing, as these separate claims litigate, such a rule puts Ms. Marshall in the position of choosing between pursuing her retaliation claim, or dismissing it in order to timely re-file her FCA

---

[10] The district court's reliance on *Reeves v. Campbell*, 708 Fed. Appx. 230 (6th Cir. 2017) and *United States ex rel. Carter v. Halliburton Co.*, 19 F. Supp. 3d 655 (E.D. Va. May 2, 2014) is inapposite. *Reeves* concerns the availability of equitable tolling to habeas petitioners and held, *inter alia*, that an unexhausted petition is equitably tolled while it is pending in federal court. *Reeves*, 708 Fed. Appx. at 235-37. *Reeves* does not define "pending" in the habeas context in the same way as "pending" in the first-to-file statutory provision (and contains no discussion of the FCA). *Id.* at 236. The issue in *Carter* was whether the first-to-file bar is triggered when an earlier-filed suit alleging the same fraud is on direct review before the United States Supreme Court. 19 F. Supp. 3d at 663. Such circumstances are not present here: There are no pending FCA claims, and no issue is currently on appeal.

claims on behalf of the United States. Such a policy not only puts whistleblowers in an agonizing position, but ignores that the first-to-file rule was meant to strike a balance between encouraging whistleblowers to come forward with allegations of fraud and discouraging opportunistic plaintiffs from feeding off of those cases. *Walburn*, 431 F.3d at 970. Here, all balance is lost.

In addition, the "claim-by-claim analysis" of whether a given claim is barred under the FCA is as applicable to first-to-file analysis as it was to public disclosure under *Rockwell.* 549 U.S. 457 (2007). In *Rockwell,* the Supreme Court evaluated a jurisdictional challenge under the then-public disclosure bar on a claim-by-claim basis. *Id.* at 475-476. As the district court recognized, courts have done the same under the first-to-file provisions. *E.g., United States ex rel. Tillson v. Lockheed Martin Energy Sys.*, Nos. 5:00CV-39-M, 5:99CV-170-M, 2004 U.S. Dist. LEXIS 22246, at *19 (W.D. Ky. Sep. 29, 2004) ("In a pending multi-count complaint, the court must conduct a 'claim-by-claim analysis" in order to determine if the first-to file rule bars a given claim.'"); *United States v. Millenium Labs., Inc.*, 923 F.3d 240, 253 (1st Cir. 2019) ("We proceed claim-by-claim"), *citing United States ex rel. Merena v. SmithKline Beecham Corp.,* 205 F.3d 97, 102 (3d Cir. 2000) ("[T]he court must conduct a claim-by-claim analysis in order to determine if section 3730(b)(5) applies.").

Such an analysis is patently different from a Rule 54(b) analysis. Though not adjudicated under Rule 54(b) for purposes of appeal, Ms. Marshall's personal retaliation claim is a distinct claim from the FCA claim, and, in fact, even subject to a separate limitations period than claims under 31 U.S.C. § 3739(a). This makes sense because "the operative facts in a retaliatory discharge claim center around the employee, his employment history, and his conduct vis-à-vis his employer rather than the employer's allegedly fraudulent conduct vis-à-vis the Government." *United States ex rel. Deering v. Physiotherapy Assocs.*, 601 F. Supp. 2d 368, 376-77 (D. Mass. 2009). *See also*, *Tillson*, 2004 U.S. Dist. LEXIS 22246, at *30 (retaliation claim "is clearly distinct" from the allegations of fraudulent billing on the separate question of whether relator's retaliation count was barred under the first-to-file rule); *Graham Cty. Soil & Water Conservation Dist. v. United States ex rel. Wilson*, 545 U.S. 409, 422 (2005) (applying distinct statute of limitations). The pursuit of Ms. Marshall's personal claim after the FCA claims under § 3729(a) had been dismissed does not change that there is no pending FCA action to be pursued in the *Marshall I* matter after August 23, 2021.

This is consistent with the text of the statute. The first-to-file bar prohibits a related action "based on the facts underlying the pending action." The retaliation action which proceeded after the dismissal of the FCA claims under the recaptioned action "*Marshall v. LHC et al.*" did not rely on the same facts which underly

Relators' FCA complaint. Thus, under the plain language of the statute, Relators' Complaint is not barred under 31 U.S.C. § 3730(b)(5).

### 2. *Marshall I* Could Not Qualify as a Pending Action Because the District Court Found it Legally Infirm.

As this Court has held, "in order to preclude later-filed *qui tam* actions, the allegedly first-filed *qui tam* complaint must not itself be jurisdictionally or otherwise barred." *Poteet,* 552 F.3d at 516 (6th Cir. 2009); *Walburn*, 431 F.3d at 972. In *Poteet*, the relator had filed a *qui tam* action that the Court deemed "sufficiently similar" to a *qui tam* complaint that was pending at the time of filing, as to implicate the first-to-file rule. *Id.* at 517. However, this Court held that because the first-filed complaint was "itself . . . barred" it could not serve to "bar [the relator's] complaint under the first-to-file rule." *Id.* at 517, 518. The same applies here. *Marshall 1* was deemed legally incapable of serving as a complaint based on the prior action in *Bowling*, and thus was dismissed. [Order, R. 54, Page ID # 198].[11] This infirmity traces back to the moment *Marshall 1* was filed, rendering it incapable of barring a later-filed *qui tam* action, even where the first-to-file rule would otherwise apply. *Poteet*, 552 F.3d at 518; *Walburn*, 431 F.3d at 972.

Thus, by operation of the district court's prior order in *Marshall I*, there was no viable *qui tam* claim (for purposes of the first-to-file rule) pending at the time the

---

[11] *Bowling* was dismissed in June 2018, after the original but before the amended complaint in *Marshall I.*

instant action was filed. Barring Relators' complaint under the circumstances present here would fail to "further[] the policy of encouraging whistleblowers to notify the government of potential frauds." *Walburn*, 431 F.3d at 973. As this Court held:

> Indeed, if the first complaint is either jurisdictionally precluded, *see* 31 U.S.C. § 3730(e), or legally incapable of serving as a complaint, *see* Fed. R. Civ. P. 9(b); *United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 501 F.3d 493, 504 (6th Cir. 2007) (hereinafter "*Bledsoe II*"), then it does not properly qualify as a "pending action" brought under the FCA. 31 U.S.C. § 3730(b)(5).

*Poteet*, 552 F.3d at 516.

Thus, under *Poteet* and *Walburn*, the legally infirm *qui tam* complaint in *Marshall I* could not operate to bar Relators' complaint under the first-to-file rule.

### 3. The District Court Should Have Granted Relators Leave to File an Amended Complaint to Cure A Purported First-to-File Deficiency.

Relators requested leave to file an amended complaint in order to cure any purported deficiencies under Rule 12(b)(6).[12] [Opposition to Motion to Dismiss, R. 51, Page ID # 101]. The district court did not address this request and instead

---

[12] Relators had also requested that the amendment of *Marshall I* be used to cure any deficiencies, but the district court held that it was "more appropriate to compare the original complaints in *Marshall* and *VIB*, rather than the Consolidated Amended Complaint." *Marshall*, U.S. Dist. LEXIS 159167, at *24. However, the district court also placed significant weight on its conclusion that the first-to-file rule was considered jurisdictional in this Circuit (*id.* at *21-25). Since that decision, this Court held that the first-to-file rule is not jurisdictional. *Cmty. Health Sys.*, 24 F.4th at 1036.

dismissed the complaint without prejudice as jurisdictionally infirm. [Mar. 29. 2024 Order, R. 54, Page ID ## 200-201, 207]. The district court not only erroneously viewed the first-to-file challenge as a jurisdictional issue, but did not give Relators the opportunity to cure any deficiency through amendment.

The Sixth Circuit has not addressed whether a later suit must be refiled in order to cure first-to-file deficiencies, or whether first-to-file issues might be cured by way of amendment or supplementation. However, other courts have found that amendment or supplementation of the complaint is sufficient to overcome a first-to-file challenge once the first-filed case is no longer pending. *E.g.*, *United States v. PharMerica Corp*, No. 3:11-cv-01464-JFA, 2015 U.S. Dist. LEXIS 43378, at *10-17 (S.D. S.C. Apr. 2, 2015); *United States ex rel. Gadbois v. PharMerica Corp.*, 809 F.3d 1, at *6-8 (1st Cir. 2015) (finding that supplementation of a second-filed action could cure first-to-file defects after the dismissal of the first-filed action); *United States v. Alpharma, Inc.*, 928 F. Supp. 2d 840, 851-52 (D. Md. 2013); *United States ex rel. Boise v. Cephalon, Inc.*, 159 F. Supp. 3d 550, 557-558 (E.D. Pa. Feb. 2, 2016); *United States ex rel. Brown v. Pfizer, Inc.*, No. 05-6795, 2017 U.S. Dist. LEXIS 55656 at *7-9 (E.D. Pa. Apr. 12, 2017).[13]

---

[13] Conversely, the Second, Eleventh, and D.C. Circuits have found that amendment cannot cure first-to-file defects. *United States ex rel. Wood v. Allergan, Inc.*, 899 F.3d 163, 175 (2d Cir. 2018); *Cho v. Surgery Partners, Inc.*, 30 F.4th 1035, 1037-38 (11th Cir. 2022); *United States ex rel. Shea v. Cellco P'ship*, 430 U.S. App. D.C. 353, 863, 930 F.3d 923 (2017).

The court in *PharMerica* relied on the Supreme Court's rationale in *Rockwell*, 549 U.S. 457, for the proposition that "an amended complaint is jurisdictionally relevant in the context of the first-to-file rule." *PharMerica*, 2015 U.S. Dist. LEXIS 43378, at *15-16. The *Rockwell* Court held that "when a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction." *Rockwell,* 549 U.S. at 473-74. The *Rockwell* Court went on to add that the "rule that subject-matter jurisdiction depends on the state of things at the time of the action brought does not suggest a different interpretation." *Id.* The Supreme Court's precedent in *Rockwell* supports the conclusion that the district court erred in not granting Relators leave to amend to cure the purported first-to-file defects.

At least one Circuit has recognized that the first-to-file rule does not apply to certain circumstances, e.g., when a relator refiles an FCA claim in another jurisdiction. *See United States ex rel. Mitchell v. CIT Bank, N.A*., No. 4:14-cv-00833, 2022 U.S. Dist. LEXIS 46796, at *15 (E.D. Tex. Mar. 16, 2022) (*citing Bailey v. Shell W. E&P, Inc*., 609 F.3d 710, 720 (5th Cir. 2010)). In *Mitchell*, the relator initially filed their allegations in December of 2012 in the United States District Court for the Southern District of New York, and that action was not dismissed until January 9, 2015. *Id.* at *18. The relator filed the action before the United States District Court for the Eastern District of Texas on December 23, 2014 – during the

pendency of the New York action. Under such circumstances, the Fifth Circuit noted that the bar only applies "if an FCA claim ha[s] already been filed by *another…*" (*Id*. at *17) (internal quotes omitted). The *Mitchell* Court relied on the Fifth Circuit's holding in *Bailey v. Shell W. E&P, Inc*. that the first-to-file rule is inapplicable when "the same plaintiff, for whatever reason, files the same [FCA] claim in a different jurisdiction." 609 F.3d 710, 720 (5th Cir. 2010). This is further supported by *Walburn v. Lockheed Martin Corp*., which defines the confines of the rule as "preventing *successive plaintiffs* from bringing related actions." 431 F.3d at 971 (emphasis added). Here, there are no "successive plaintiffs," only the same Relators.

Such a reading is consistent with both the plain language of the statute, and Congress's intent in including the first-to-file provisions in the 1986 amendments to the FCA. One purpose of the first-to-file rule is to discourage "opportunistic plaintiffs who have no significant information to contribute of their own" and to motivate a "race to the courthouse among eligible relators, which may spur the prompt reporting of fraud." *United States ex rel. Branch Consultants v. Allstate Ins. Co*., 560 F.3d 371, 377 (5th Cir. 2009) (internal quotations omitted). This purpose is not furthered by dismissing Relators' complaint. Relators are not "opportunistic plaintiffs," but rather are the *sole* source of the information and allegations they bring. This is not copycat litigation or a second suit – Relators have always been the only source of litigation regarding their allegations against Defendant. To wit,

Relators have won the "race to the courthouse" as well. Relators are not "another" as the statute envisions, but are indeed the first to file their specific allegations.

Here, requiring a continual evolution of re-filed claims to accommodate *qui tam* claims which come out of seal and are dismissed in the interregnum between a whistleblower's original filing and amended filing would operate to insulate defendants from legitimate claims. Under the FCA, a case typically remains under seal for years while the Government completes its investigation. *E.g., Marshall,* 2021 U.S. Dist. LEXIS 159167, at *13 (seal period in this matter of approximately 3 years). Thus, relators cannot know, prior to filing, whether related cases are pending, because those cases may still be sealed. In fact, they may not learn of related cases for years. Where earlier-filed cases have been abandoned or deemed defective, as in the present case, or where the earlier-filed complaint lacked sufficient detail to put the Government on the trail of fraud, supplementation should be available to show that the first-to-file rule no longer applies. This would permit the "true 'whistleblower'" to move forward and to preserve the statutes of limitations applicable to meritful claims. *Poteet,* 552 F.3d at 516.

Allowing Relators to proceed has the effect of encouraging whistleblowers, as Congress intended, especially where there are no other interests to protect. Indeed, Relators' Maryland filing was in the spirit of the "race to the courthouse" that the rule envisions. The only effect that dismissal here will have is to protect Defendant

from liability. Nothing in the legislative history suggests that the rule was meant to protect or indemnify defendants, and as such, the rule should be construed in a manner consistent with the Act's broad purpose, and should not be used to create a procedural quagmire undermining and discouraging relators from coming forward with allegations of fraud.

## CONCLUSION

For the foregoing reasons, the district court's Order of March 29, 2024 should be reversed and the case remanded for proceedings on the merits of Relator's Complaint. In the alternative, and for the reasons set forth herein, the district court's Order of March 29, 2024 should be reversed and, consistent with Federal Rule of Civil Procedure 15, Relators should be permitted to file an amended complaint.

Dated: July 5, 2024

Respectfully submitted,
*/s/ Jennifer M. Verkamp*
Jennifer M. Verkamp (0067198)
Jonathan M. Lischak (0097669)
Morgan Verkamp LLC
4410 Carver Woods Dr., Suite 200
Cincinnati, Ohio 45242
Tel: (513) 651-4400
jverkamp@morganverkamp.com
jlischak@morganverkamp.com

**Counsel Relators-Appellants**

## CERTIFICATE OF COMPLIANCE

I certify that this brief conforms to the requirements of Appellate Court Rule 32(a)(7). The length of this brief, excluding the pages or words contained in the Rule 32(a)(2) cover, the Rule 32(a)(7)(C) certificate of compliance, and the certificate of service, is 6,019 words.

*/s/ Jennifer M. Verkamp*
Jennifer M. Verkamp (0067198)

## CERTIFICATE OF SERVICE

I certify that on this 5th day of July 2024, a copy of the foregoing was served on all counsel of record through the United States Court of Appeals for the Sixth Circuit's electronic filing system.

*/s/ Jennifer M. Verkamp*
Jennifer M. Verkamp (0067198)

**ADDENDUM: DESIGNATION OF RELEVANT LOWER COURT
DOCUMENTS IN CASE NO. 3:22-cv-415**

| Record No. | Description | Page ID |
|:---:|:---:|:---:|
| 1 | Complaint | 1-70 |
| 29 | Notice of Transfer | 1[14] |
| 48 | Motion to Dismiss | 32-34 |
| 51 | Opposition to Motion to Dismiss | 70-101 |
| 51-2 | *Marshall I* July 17, 2020 Consolidation and Scheduling Order | 104-106 |
| 54 | March 29, 2024 Memorandum Order | 191-207 |
| 55 | March 29, 2024 Judgment Order | 208 |
| 56 | Notice of Appeal | 209-210 |

---

[14] Beginning with the notice of transfer, at docket number 29, the United States District Court for the Eastern District of Tennessee assigned Page ID numbers, starting with "Page ID # 1". [Notice, R 29, Page ID # 1]. Upon transfer of the Maryland docket, the E.D. Tenn. also assigned Page ID numbers to those 28 items, also beginning with "Page ID # 1."

**ADDENDUM: DESIGNATION OF RELEVANT LOWER COURT DOCUMENTS IN *MARSHALL 1*, CASE NO. 3:17-cv-96[15]**

| Record No. | Description | Page ID |
|:---:|:---:|:---:|
| 2 | Complaint | 3-72[16] |
| 40 | Consolidated Amended Complaint | 183-255[17] |
| 52 | August 23, 2021 Memorandum | 475-504 |
| 53 | August 23, 2021 Order | 505-506 |
| 55 | September 1, 2021 Order | 508[18] |

**ADDENDUM: DESIGNATION OF RELEVANT LOWER COURT DOCUMENTS IN *VIB PARTNERS*, CASE NO. 3:19-cv-84**

| Record No. | Description | Page ID |
|:---:|:---:|:---:|
| 52 | August 25, 2021 Judgment Order | 213[19] |

---

[15] Because the appealed order is premised on previously-filed matters, Appellants also cite records from the relevant dockets and include them in this designation in an abundance of caution.

[16] The *Marshall 1* Complaint is also available on the lower court's docket at [R. 24-2, Page ID # 225-294].

[17] The Consolidated Amended Complaint is also available on the lower court's docket at [R. 24-5, Page ID # 386-459].

[18] The September 1, 2021 Order is also available on the lower court's docket at [R. 24-11, Page ID # 555].

[19] The August 25, 2021 Judgment Order is also available on the lower court's docket at [R. 24-9 Page ID # 550-551].